# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE.**    **2. PLEASE TYPE OR PRINT.**    **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? ☐ Yes    ☐ No |

| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail: |
|---|---|
| **Attorney(s) for Appellee(s):** ☐ Plaintiff ☐ Defendant | Counsel's Name:    Address:    Telephone No.:    Fax No.:    E-mail: |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages: | Number of Exhibits Appended to Transcript: | Has this matter been before this Circuit previously?    ☐ Yes    ☐ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:    Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A"*:** COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

***ADDENDUM "B"*:** COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party    ☐ Diversity<br><br>☐ Federal question (U.S. not a party)    ☐ Other (specify): _____ | ☐ Final Decision    ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br><br>☐ Interlocutory Decision Appealable As of Right    ☐ Other (specify): _____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

## PART B:  DISTRICT  COURT DISPOSITION    (Check as many as apply)

| 1. Stage of Proceedings | 2.  Type of Judgment/Order Appealed | | 3.  Relief | |
|---|---|---|---|---|
| ☐ Pre-trial<br>☐ During trial<br>☐ After trial | ☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1)<br>　 lack of subj. matter juris.<br>☐ Dismissal/FRCP 12(b)(6)<br>　 failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　 frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2)<br>　 other dismissal | ☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☐ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☐ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☐ Other (specify): | ☐ Damages:<br><br>___ Sought: $ _____<br>___ Granted: $ _____<br>___ Denied: $ _____ | ☐ Injunctions:<br><br>☐ Preliminary<br>☐ Permanent<br>☐ Denied |

## PART C:  NATURE OF SUIT  (Check as many as apply)

| 1. Federal Statutes | | | 2. Torts | 3. Contracts | 4. Prisoner Petitions |
|---|---|---|---|---|---|
| ☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☐ Civil Rights<br>☐ Commerce,<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____ | ☐ Communications<br>☐ Consumer Protection<br>☐ Copyright / Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental | ☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | ☐ Admiralty/<br>　 Maritime<br>☐ Assault /<br>　 Defamation<br>☐ FELA<br>☐ Products Liability<br>☐ Other (Specify): | ☐ Admiralty/<br>　 Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable<br>　 Instruments<br>☐ Other Specify | ☐ Civil Rights<br>　 Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |

| 5. Other | 6. General | 7. Will appeal raise constitutional issue(s)? |
|---|---|---|
| ☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☐ Other (specify): _____ | ☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer | ☐ Yes　　　☐ No<br><br>Will appeal raise a matter of first impression?<br><br>☐ Yes　　☐ No |

1. Is any matter relative to this appeal still pending below?  ☐ Yes, specify: _____  ☐ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

　　(A)　Arises from substantially the same case or controversy as this appeal?　　　　☐ Yes　　　　☐ No

　　(B)　Involves an issue that is substantially similar or related to an issue in this appeal?　　☐ Yes　　　☐ No

If yes, state whether  ☐ "A," or  ☐ "B," or ☐ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: | Signature of Counsel of Record: |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

　1.　Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
　2.　File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
　3.　Pay the $455 docketing fee to the United States District Court or the $450 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**<u>PLEASE NOTE:</u>  IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.  *SEE* LOCAL RULE 12.1.**

*Chevron v. Donziger*
**Case No. 13-2784**
**Addenda to Form C – Civil Appeal Pre-Argument Statement**

<u>**Addendum A**</u>

    **(1)**    **Nature of the Action**

Non-party John Doe Movants moved to quash a subpoena issued to Microsoft by Chevron Corporation ("Chevron"), seeking the identity and user information for about 30 Microsoft email accounts from 2003 to present. The Non-Party John Doe Movants are Microsoft account holders and moved to quash the subpoena in its entirety on First Amendment grounds, among others.

    **(2)**    **Result Below:**

On June 25, 2013 the District Court below denied Non-Party John Doe Movants' Motion to Quash the subpoena issued to Microsoft.

On July 9, 2013, the John Doe Movants moved for reconsideration. On July 29, 2013, the District Court below granted Movants' motion for reconsideration with respect to John Doe only, limiting the scope of the subpoena to the time period from 2005 to 2008 for that email address. The court denied the motion in all other respects.

    **(3)**    **List of Attached Relevant Opinions, Orders, Transcripts**

    1.    Order in *Chevron Corp. v. Donziger, et al.,* No. 1:12-mc-00065 LAK/CFH, ECF No. 57 (N.D.N.Y. July 29, 2013)
    2.    Memorandum Opinion, *Chevron Corp. v. Donziger, et al.,* No. 1:12-MC-65 LAK/CFH, ECF No. 50 (N.D.N.Y. June 25, 2013)

<u>**Addendum B**</u>

    1.    Did the District Court err in denying Movants' Motion to Quash on the basis that non-US Citizens do not have standing under the First Amendment to challenge a subpoena seeking their personal information?
        *a.*    Standard of Review is abuse of discretion. *See, e.g., Arista Records LLC v. Doe,* 604 F.3d 110, 117 (2d Cir. 2010).

    2.    Did the District Court err in assuming none of the Movants were U.S. citizens or had other sufficient connections to the United States for standing purposes, when the Movants' standing to challenge the subpoena as to the accounts they owned was never briefed and Movants were not given the opportunity to demonstrate their connections to the United States?
        *a.*    Standard of Review is abuse of discretion. *See id.*

3.      Did the District Court err in evaluating third-party standing by ignoring evidence of practical barriers and failing to consider the other relevant factors?
    *a.*      Standard of review is abuse of discretion. *See id.*

4.      Did the District Court err in modifying the scope of the subpoena as to Movant John Doe, rather than quashing the subpoena in its entirety, in assigning no weight to the First Amendment rights of Movant Doe -a third party - in the face of allegations that the unrelated defendant had committed fraud?
    *a.*      Standard of review is abuse of discretion. *See id.*

## Addendum C

Non Party John Doe Movants/Appellants submit this addendum to complete their answers to the following questions on the Civil Appeal Statement form:

**Part B:**

2.      Type of Judgment/Order Appealed

Other (specify): Order denying motion to quash subpoena issued in Northern District of New York to obtain documents from Microsoft in connection with underlying litigation pending in Southern District of New York.

**Part C:**

5.      Other

Other (specify): Miscellaneous action to quash subpoena seeking documents in connection with action pending in Southern District of New York.

# Notice of Appeal and Docket

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CHEVRON CORP.,

                Plaintiffs,

     -against-

                                       Case No. 1:12-mc-00065 LAK/CFH

                                       Hon. Lewis A. Kaplan

STEVEN DONZIGER, *et al.*,

                        Defendants.

---

**NOTICE OF APPEAL**

NOTICE is hereby given that the Non-Party John Doe Movants, owners of the Microsoft email accounts simeontegel@hotmail.com, mey_1802@hotmail.com, pirancha@hotmail.com, and duruti@hotmail.com, Movants in the above-named case, hereby appeal to the United States Court of Appeals for the Second Circuit, from the Memorandum Opinion denying the Non-Party John Doe Movants' Motion to Quash entered in this action on the 25th day of June, 2013 (ECF No. 50).

Dated this 18th day of July, 2013 at San Francisco, California.

Respectfully submitted,

_____/s/ Mitchell L. Stoltz_____
Mitchell L. Stoltz, Esq.
(Bar Roll No. 517844)
Nathan Cardozo, Esq.
(*pro hac vice* pending)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Marco Simons, Esq.
marco@earthrights.org
EARTHRIGHTS INTERNATIONAL
1612 K Street NW, Suite 401
Washington, DC 20006
Telephone: (202) 466-5188

*Counsel for Non-Party John Doe Movants*

1

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

Randy M. Mastro
GIBSON, DUNN & CRUTCHER, LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

Howard S. Hogan
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

Paul DerOhannesian, II
DEROHANNESIAN & DEROHANNESIAN
677 Broadway, Suite 202
Albany, NY 12207

*Attorneys for Plaintiff Chevron Corporation*

Craig Smyser
Larry R. Veselka
SMYSER KAPLAN & VESELKA, L.L.P.
Bank of America Center
700 Louisiana Street, Suite 2300
Houston, TX 77002

John W. Keker
Jan Nielsen Little
Matthew M. Werdegar
KEKER & VAN NEST, LLP
633 Battery Street
San Francisco, CA 94111

Justin W. Gray
MAYNARD, O'CONNOR, SMITH & CATALINOTTO, LLP
6 Tower Place
Albany, NY 12203

*Attorneys for Defendants Steven Donziger, The Law Offices of Steven R. Donziger, Donziger &*
*Associates, PLLC, Javier Piaguaje Payaguaje, and Hugo Gerardo Camacho Naranjo*

2

And, I hereby certify that I have mailed by the United States Postal Service the document

to the following non-CM/ECF Participants:

Microsoft Corporation
c/o Corporation Service Company
80 State Street
Albany, NY 12207
Brien Jacobsen <brienj@microsoft.com>

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July

18, 2013.

Stephanie Shattuck
Legal Secretary
On behalf of:
Mitchell L. Stoltz, Esq.
(Bar Roll No. 517844)
Nathan Cardozo, Esq.
(*pro hac vice* pending)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

*Counsel for John Doe Movants*

3

APPEAL,CLOSED

# U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 5.1.1] (Albany)
## CIVIL DOCKET FOR CASE #: 1:12-mc-00065-lk-CFH

Chevron Corporation v. Donziger et al

Assigned to: Lewis A. Kaplan

Referred to: Magistrate Judge Christian F. Hummel

Case in other court: Southern District of New York,
        1:11-CV00691

Date Filed: 10/19/2012

Date Terminated: 06/25/2013

**Plaintiff**

**Chevron Corporation**                represented by **Randy M. Mastro**

Gibson, Dunn Law Firm - NY Office

200 Park Avenue

47th Floor

New York, NY 10166-0193

212-351-4000

Fax: 212-351-5219

Email: rmastro@gibsondunn.com

*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Howard S. Hogan**

Gibson, Dunn Law Firm - DC Office

1050 Connecticut Avenue, N.W.

Suite 900

Washington, DC 20036-5306

202-955-8500

Fax: 202-530-9550

Email: hhogan@gibsondunn.com

*ATTORNEY TO BE NOTICED*

**Paul DerOhannesian , II**

DerOhannesian, DerOhannesian Law

Firm

677 Broadway

Suite 202

Albany, NY 12207

518-465-6420

Fax: 518-427-0614

Email: derolaw@verizon.net

*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Steven Donziger**                    represented by   **Craig Smyser**
Smyser, Kaplan Law Firm
Bank of America Center
700 Louisiana Street, Suite 2300
Houston, TX 77002
713-221-2300
Fax: 713-221-2320
Email: csmyser@skv.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
Keker, Van Nest Law Firm
633 Battery Street
San Francisco, CA 94111
415-391-5400
Fax: 415-397-7188
Email: jlittle@kvn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John W. Keker**
Keker, Van Nest Law Firm
633 Battery Street
San Francisco, CA 94111
415-391-5400
Fax: 415-397-7188
Email: jkeker@kvn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin W. Gray**
Maynard, O'Connor Law Firm - Albany
Office
6 Tower Place
Albany, NY 12203

518-465-3553
Fax: 518-465-5845
Email: gray@maynardoconnorlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Veselka**
Smyser, Kaplan Law Firm
Bank of America Center
700 Louisiana Street, Suite 2300
Houston, TX 77002
713-221-2300
Fax: 713-221-2320
Email: lveselka@skv.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcia C. Hofmann**
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333
Fax: 415-436-9993
Email: marcia@eff.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
Keker, Van Nest Law Firm
633 Battery Street
San Francisco, CA 94111
415-391-5400
Fax: 415-397-7188
Email: mwerdegar@kvn.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Law Offices of Steven R. Donziger**               represented by **Craig Smyser**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John W. Keker**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin W. Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Veselka**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcia C. Hofmann**
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
415-436-9333
Fax: 415-436-9993
Email: marcia@eff.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Donziger & Associates, PLLC**          represented by  **Craig Smyser**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John W. Keker**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin W. Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Veselka**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcia C. Hofmann**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Javier Piaguaje Payaguaje**          represented by  **Craig Smyser**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John W. Keker**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin W. Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Veselka**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcia C. Hofmann**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Hugo Gerardo Camacho Naranjo**          represented by **Craig Smyser**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jan Nielsen Little**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John W. Keker**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Justin W. Gray**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Larry R. Veselka**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marcia C. Hofmann**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew M. Werdegar**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/19/2012 | 1 R | MOTION to Quash Subpoena filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Civil Cover Sheet, # 2 Declaration, # 3 Proposed Order, # 4 R certificate of service) Motions referred to Christian F. Hummel. (tab) (Entered: 10/22/2012) |

| | | |
|---|---|---|
| 10/22/2012 | 2 R | MOTION to Quash *and Motion (Memorandum of Law)* filed by JOHN DOE. (Attachments: # 1 R Memorandum of Law, # 2 R Declaration, # 3 R Declaration, # 4 R Declaration, # 5 Certificate of Service) Motions referred to Christian F. Hummel. (Henner, Peter) (Entered: 10/22/2012) |
| 10/23/2012 | 3 | MOTION for Limited Admission Pro Hac Vice of Marcia Hofmann Filing fee $100, receipt number 0206-2350474. filed by JOHN DOE. (Attachments: # 1 Exhibit(s) ECF Registration, # 2 Exhibit(s) Oath of Admission, # 3 Exhibit(s) Admission order, # 4 Affidavit Sponsor Affidavit) Motions referred to Christian F. Hummel. (Henner, Peter) (Attachment 4 replaced on 10/23/2012) (lah, ). (Entered: 10/23/2012) |
| 10/24/2012 | 4 | AFFIDAVIT re 2 R MOTION to Quash *and Motion (Memorandum of Law) Certificate of Service by mail of upon parties not yet linked to ECF sytem for this case* by JOHN DOE. (Henner, Peter) (Entered: 10/24/2012) |
| 11/02/2012 | 5 | MOTION for Limited Admission Pro Hac Vice of Craig Smyser Filing fee $100, receipt number 0206-2363317. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Petition for Admission to Practice, # 2 Certificate of Good Standing, # 3 New Attorney E-Filing Registration Form, # 4 Oath on Admision, # 5 Order) Motions referred to Christian F. Hummel. (Gray, Justin) (Entered: 11/02/2012) |
| 11/02/2012 | 6 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/02/2012) |
| 11/02/2012 | 7 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/02/2012) |
| 11/09/2012 | 8 | AFFIDAVIT in Support re 5 MOTION for Limited Admission Pro Hac Vice of Craig Smyser Filing fee $100, receipt number 0206-2363317. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 9 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger *of Affidavit in Support of Motion for Pro Hac Vice Admission* (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 10 | MOTION for Limited Admission Pro Hac Vice of Larry R. Veselka Filing fee $100, receipt number 0206-2369923. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Petition, # 2 E-Filing Registration, # 3 Good Standing, # 4 Oath on Admission, # 5 Order) Motions referred to Christian F. Hummel. (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 11 | MOTION for Limited Admission Pro Hac Vice of John W. Keker Filing fee $100, receipt number 0206-2369948. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Petition, # 2 E-Filing Registration, # 3 Good Standing, # 4 Oath, # 5 Order) Motions referred to Christian F. Hummel. (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 12 | MOTION for Limited Admission Pro Hac Vice of Matthew Mickle Werdegar Filing fee $100, receipt number 0206-2369967. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Petition, # 2 E-Filing Registration, # 3 Good Standing, # 4 Oath, # 5 Order) Motions referred to Christian F. Hummel. (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 13 | MOTION for Limited Admission Pro Hac Vice of Jan Nielsen Little Filing fee $100, receipt number 0206-2369980. filed by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Petition, # 2 E-Filing Registration, # 3 Good Standing Certificate, # 4 Oath, # 5 Order) Motions referred to Christian F. Hummel. (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 14 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 15 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 16 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/09/2012) |
| 11/09/2012 | 17 R | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger (Gray, Justin) (Entered: 11/09/2012) |
| 11/30/2012 | 18 | Letter Motion from Justin W. Gray, Esq. for Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger requesting Conference submitted to Judge Christian F. Hummel, Magistrate . (Attachments: # 1 |

| | | |
|---|---|---|
| | | Affidavit Certificate of Service)(Gray, Justin) (Entered: 11/30/2012) |
| 12/11/2012 | 19 R | NOTICE of Appearance by Mitchell L. Stoltz on behalf of JOHN DOE (Stoltz, Mitchell) (Entered: 12/11/2012) |
| 12/13/2012 | 20 R | ORDER granting 3 Motion for Limited Admission Pro Hac Vice for Marcia C. Hofmann. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 21 | ORDER granting 13 Motion for Limited Admission Pro Hac Vice for Jan Nielsen Little. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 22 | ORDER granting 5 Motion for Limited Admission Pro Hac Vice for Craig Smyser. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 23 | ORDER granting 10 Motion for Limited Admission Pro Hac Vice for Larry R. Veselka. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 24 | ORDER granting 11 Motion for Limited Admission Pro Hac Vice for John W. Keker. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 25 | ORDER granting 12 Motion for Limited Admission Pro Hac Vice for Matthew Mickle Werdegar. Signed by Chief Judge Gary L. Sharpe on 12/13/2012. (jel, ) (Entered: 12/13/2012) |
| 12/13/2012 | 26 | TEXT ONLY CLERK'S NOTICE OF DOCKET ENTRY: Orders granting Pro Hac Vice Motions re 23 Order on Motion for Limited Admission Pro Hac Vice, 20 R Order on Motion for Limited Admission Pro Hac Vice, 21 Order on Motion for Limited Admission Pro Hac Vice, 25 Order on Motion for Limited Admission Pro Hac Vice, 22 Order on Motion for Limited Admission Pro Hac Vice, 24 Order on Motion for Limited Admission Pro Hac Vice. (Entered: 12/13/2012) |
| 12/13/2012 | 27 R | ORDER REASSIGNING CASE. Case reassigned to Lewis A. Kaplan for all further proceedings. Chief Judge Gary L. Sharpe no longer assigned to case. Signed by Chief Judge Gary L. Sharpe on 12/13/12. (tab) (Entered: 12/13/2012) |
| 12/13/2012 | 28 | LETTER BRIEF *TO JUDGE CHRISTIAN HUMMEL* by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger. (Attachments: # 1 Order of Judge Kaplan)(Gray, Justin) (Entered: 12/13/2012) |
| 12/13/2012 | 29 | CERTIFICATE OF SERVICE by Steven Donziger, Donziger & Associates, PLLC, Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje, The Law Offices of Steven R. Donziger re 28 LETTER BRIEF, (Gray, Justin) |

| | | |
|---|---|---|
| | | (Entered: 12/13/2012) |
| 12/20/2012 | 30 R | MEMO ENDORSED/ORDER Setting Hearing on Motion 2 R MOTION to Quash *and Motion (Memorandum of Law)*, 1 R MOTION to Quash : Response to Motion due by 1/15/2013. Signed by Lewis A. Kaplan on 12/19/2012. (jel, ) (Entered: 12/20/2012) |
| 01/02/2013 | 31 | NOTICE of Appearance by Paul DerOhannesian, II on behalf of Chevron Corporation (DerOhannesian, Paul) (Entered: 01/02/2013) |
| 01/02/2013 | 32 | AMENDED DOCUMENT by Chevron Corporation. Amendment to 31 Notice of Appearance . (DerOhannesian, Paul) (Entered: 01/02/2013) |
| 01/02/2013 | 33 | NOTICE of Appearance by Randy M. Mastro on behalf of Chevron Corporation (Mastro, Randy) (Entered: 01/02/2013) |
| 01/02/2013 | 34 | NOTICE of Appearance by Howard S. Hogan on behalf of Chevron Corporation (Hogan, Howard) (Entered: 01/02/2013) |
| 01/15/2013 | 35 R | RESPONSE in Opposition re 2 R MOTION to Quash *and Motion (Memorandum of Law) CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF NON-PARTY JOHN DOE MOVANTS TO QUASH SUBPOENAS TO MICROSOFT, INC. SEEKING IDENTITY AND EMAIL USAGE INFORMATION* filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/15/2013) |
| 01/15/2013 | 36 R | RESPONSE in Opposition re 1 R MOTION to Quash *CHEVRON CORPORATION'S OPPOSITION TO RICO DEFENDANTS' MOTION TO QUASH SUBPOENA TO MICROSOFT CORPORATION* filed by Chevron Corporation. (Mastro, Randy) (Entered: 01/15/2013) |
| 01/15/2013 | 37 | AFFIDAVIT in Opposition re 1 R MOTION to Quash, 2 R MOTION to Quash *and Motion (Memorandum of Law) DECLARATION OF REBECCA GRAY ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO MOTIONS TO QUASH A SUBPOENA TO MICROSOFT CORPORATION* filed by Chevron Corporation. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J, # 11 Exhibit(s) K, # 12 Exhibit(s) L, # 13 Exhibit(s) M)(Mastro, Randy) (Entered: 01/15/2013) |
| 01/16/2013 | 38 | AFFIDAVIT in Opposition re 1 R MOTION to Quash *DECLARATION OF ALEXANDER T. MARX ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO THE RICO DEFENDANTS' MOTION TO QUASH SUBPOENAS TO MICROSOFT CORPORATION* filed by Chevron Corporation. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9)(Mastro, Randy) (Entered: 01/16/2013) |

| | | |
|---|---|---|
| 01/16/2013 | 39 | AFFIDAVIT in Opposition re 2 ℝ MOTION to Quash *and Motion (Memorandum of Law) DECLARATION OF ALEXANDER T. MARX ON BEHALF OF CHEVRON CORPORATION IN OPPOSITION TO THE NON-PARTY MOVANTS' MOTION TO QUASH SUBPOENAS TO MICROSOFT CORPORATION* filed by Chevron Corporation. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12, # 13 Exhibit(s) 13, # 14 Exhibit(s) 14)(Mastro, Randy) (Entered: 01/16/2013) |
| 01/23/2013 | 40 ℝ | ORDER - Movants have requested that the Court set a hearing date on the motions to quash in order to fix the date by which their reply papers will be due. The Court will take the matter on submission unless otherwise ordered and thereby declines to set a hearing date. Reply papers shall be filed and served no later than February 1, 2013. Signed by Lewis A. Kaplan on 1/22/2013. (jel, ) (Entered: 01/23/2013) |
| 01/23/2013 | 41 ℝ | ORDER TO SHOW CAUSE - The "John Doe" movants shall show cause, on or before february 6, 2013, why they should not be required to submit to the undersigned affidavits or delcarations revealing to the Court their true identities which will be filed under seal unless and until the Court otherwise orders. The Court well understands that the question whether the "John Does" identies should be revealed to Chevron or more broadly is distinct from the question whether the Court should be so informed and does not intend to address that issue - which is implicated by the pending motion - on this order to show cause. Signed by Lewis A. Kaplan on 1/23/2013. (jel, ) (Entered: 01/23/2013) |
| 02/01/2013 | 42 ℝ | REPLY to Response to Motion re 2 ℝ MOTION to Quash *and Motion (Memorandum of Law)* filed by JOHN DOE. (Attachments: # 1 Declaration Supplemental of Michelle Harrison, # 2 Declaration of John Doe #2)(Stoltz, Mitchell) (Entered: 02/01/2013) |
| 02/06/2013 | 43 ℝ | RESPONSE TO ORDER TO SHOW CAUSE filed by JOHN DOE. (Attachments: # 1 Declaration of Michelle Harrison, # 2 Certificate of Service)(Stoltz, Mitchell) (Entered: 02/06/2013) |
| 02/13/2013 | 44 ℝ | MEMORANDUM AND ORDER - The Court construes Rule 10(a) as requiring that any non-party who files an application for relief in a federal court identify him-, her-, or itself in the initial pleading or motion filed on its behalf. That initial pleading or motion shall be filed publicly in the absence of an order permitting its filing under seaL Pursuant to Federal Rules ofCivil Procedure 1, 10(a), and 16(c)(2)(A), (G), (L), and (P), and the inherent power ofthe Court, the JOHN DOE movants, on or before February 19,2013, shall submit to the chambers ofthe undersigned (1) the original, signed declarations they have filed publicly under anonymous names, and (2) an affidavit or declaration identifying each individual or entity on behalf |

| | | |
|---|---|---|
| | | ofwhich the motion to quash has been made. These documents will be filed under seal unless and until the Court otherwise orders. Signed by Lewis A. Kaplan on 2/12/2013. (jel, ) (Entered: 02/13/2013) |
| 02/19/2013 | 45 R | NOTICE by JOHN DOE *of Filing In Camera and Under Seal* (Attachments: # 1 R Declaration of Nathan Cardozo, # 2 Certificate of Service)(Stoltz, Mitchell) (Entered: 02/19/2013) |
| 02/25/2013 | 46 | ***SEALED DOCUMENT. (jel, ) (Entered: 02/25/2013) |
| 04/04/2013 | 47 R | NOTICE of Change of Address for Electronic Frontier Foundation, filed by Mitchell L. Stoltz, Effective Date April 12, 2013. Old Address: 454 Shotwell Street, San Francisco, CA 94110 New Address: 815 Eddy Street, San Francisco, CA 94109 (Stoltz, Mitchell) (Entered: 04/04/2013) |
| 05/13/2013 | 48 | NOTICE by JOHN DOE *Notice of Withdrawal of Marcia Hofmann as Counsel for Plaintiffs and Request for Order Granting Withdrawal* (Hofmann, Marcia) (Entered: 05/13/2013) |
| 05/16/2013 | 49 | MOTION for Limited Admission Pro Hac Vice of Nathan Cardozo Filing fee $100, receipt number 0206-2553710. filed by JOHN DOE. Motions referred to Christian F. Hummel. (Stoltz, Mitchell) (Entered: 05/16/2013) |
| 06/25/2013 | 50 R | MEMORANDUM OPINION - The 1 R Motion to Quash and 2 R Motion to Quash Chevron's subpoena to Microsoft are denied. Signed by Lewis A. Kaplan on 6/25/2013. (jel, ) (Entered: 06/25/2013) |
| 06/25/2013 | 51 | MOTION to Withdraw as Attorney *by Smyser Kaplan & Veselka, L.L.P.* filed by Hugo Gerardo Camacho Naranjo, Javier Piaguaje Payaguaje. (Attachments: # 1 Proposed Order/Judgment) Motions referred to Christian F. Hummel. (Veselka, Larry) (Entered: 06/25/2013) |
| 06/26/2013 | 52 | ORDER - The motion of Smyser Kaplan & Veselka, L.L.P., including Craig Smyser and Larry R. Veselka, for leave to withdraw as counsel for defendants Naranjo and Payaguage is denied as moot in light of the fact that the case now has been decided. Signed by Lewis A. Kaplan on 6/26/2013. (jel, ) (Entered: 06/26/2013) |
| 07/09/2013 | 53 R | MOTION for Reconsideration re 50 R Order on Motion to Quash, filed by JOHN DOE. (Attachments: # 1 R Declaration of John Doe) (Stoltz, Mitchell) (Entered: 07/09/2013) |
| 07/16/2013 | 54 R | RESPONSE in Opposition re 53 R MOTION for Reconsideration re 50 R Order on Motion to Quash, / *CHEVRON CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF NON-PARTY JOHN DOE MOVANTS FOR RECONSIDERATION OF THE COURT'S JUNE 25, 2013 ORDER DENYING THE MOVANTS' MOTION TO QUASH SUBPOENA ISSUED TO MICROSOFT* filed by Chevron Corporation. (Mastro, Randy) (Entered: 07/16/2013) |

| 07/18/2013 | 55 | NOTICE OF APPEAL as to 50 ℝ Order on Motion to Quash, by JOHN DOE. Filing fee $ 455, receipt number 0206-2620209. (Stoltz, Mitchell) (Entered: 07/18/2013) |
|---|---|---|
| 07/19/2013 | 56 ℝ | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 55 Notice of Appeal. (lah) (Entered: 07/19/2013) |
| 07/29/2013 | 57 ℝ | ORDER - That the 53 ℝ Motion for Reconsideration is granted to the extent that the Court reconsiders the order with respect to so much of the motion by which "Tegel" sought to quash the subpoena insofar as it sought information with respect to the email address simeontegel@hotmail.com and denied in all other respects. On that limited reconsideration, the motion to quash is granted to the extent that Microsoft shall not disclose any of the subpoenaed information with respect to the email address simeontegel@hotmail.com other than for the years 2005 through 2008. The motion to quash in denied in all other respects. Signed by Lewis A. Kaplan on 7/29/2013.(jel, ) (Entered: 07/29/2013) |
| 07/29/2013 | 58 | ***SEALED DOCUMENT. (jel, ) (Entered: 07/29/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/31/2013 17:06:59 | | | |
| **PACER Login:** | ef0084 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-mc-00065-lk-CFH |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# Order

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                           Plaintiff,

           -against-                                        1:12-MC-00065-LAK-CFH

STEVEN DONZIGER, et al.,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## ORDER


LEWIS A. KAPLAN, *District Judge.*

           The "John Doe" who claims to be the owner of the email account
simeontegel@hotmail.com ("Tegel") moves for reconsideration of this Court's order of June 25,
2013, which denied a motion to quash a subpoena served upon Microsoft.

           The Court adopts for purposes of this motion movant's statement of the standard
governing motions for reconsideration in this District, viz:

                 "Reconsideration is warranted where the moving party can show the court
                 'overlooked' facts or controlling law that 'might reasonably be expected to alter the
                 conclusion reached by the court.' [citation omitted] In the Northern District of New
                 York, a court may granted a motion for reconsideration where, among other things,
                 new evidence not previously available comes to light, or in order to 'correct a clear
                 error of law or prevent manifest injustice.' [citation omitted]"

The Court takes movant's several points in order.

           1.      "Tegel" first argues that the Court incorrectly assumed that none of the
movants was a United States citizen, which was relevant to the question whether any of them was
entitled to the First Amendment protection they claimed.  He points out that he in fact is a U.S.
citizen although no evidence is submitted as to any of the other movants.

           The Court did not overlook or assume anything.  "Tegel," as well as the two
other John Doe movants, claimed the protection of the First Amendment both on their own behalf
and on behalf of the non-party recipients of the subpoena who never appeared in this Court or

2

moved to quash it. In order to establish that they were protected by the First Amendment, it was their burden to demonstrate that those on behalf of whom the argument was made were entitled to its protection. They failed entirely to do so. Indeed, even today, the two John Does other than "Tegel" have not claimed that they are U.S. citizens or, for that matter, that their alleged expressive and associational activities occurred or will occur in the United States.

      2.     The fact that "Tegel" is a U.S. citizen is not "new evidence not previously available." In the interest of justice, however, the Court will reconsider the motion as to him alone in light of that fact.

      3.     The claim that the Court's allegedly erroneous assumption that none of the movants was a U.S. citizen "heavily informed" its decision as to third party standing to challenge the subpoena simply is wrong. The result on that point would have been the same even if all of the movants were citizens.

      4.     The assertion that the Court based a conclusion that the three movants lacked standing to assert the alleged rights of non-party subpoena recipients only on the factual assumption that the non-parties would not face practical obstacles in asserting their own rights in view of the fact that some of them opposed subpoenas in this Court and in the Northern District of California and that the factual assumption was incorrect. But "Tegel" has this all wrong.

      First, it was the John Doe movants who had the obligation to establish their standing to assert the alleged rights of the non-party subpoena recipients.[1] The Court held that they utterly failed to do so. That alone is dispositive.

      Second, "Tegel"'s assertion that none of the non-parties challenged the subpoena either in the Southern District of New York or in the Northern District of California is misleading. Laura Belanger and John Rodgers both filed motions to quash the substantially identical Google subpoena in both districts. *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.), docket items 591, 592: *Chevron Corp. v. Salazar*, 11-MC-80237 (CRB) (N.D. Cal.), docket items

---

[1]    Indeed, movants each bore "the burden of establishing standing." *E.g., Hedges v. Obama*, Nos. 12-3176(L), 12-3644 (Con), 2013 WL 3717774, at *11 (2d Cir. July 17, 2013) (citing *Clapper v. Amnesty Int'l USA*, —— U.S. ——, ——, 133 S.Ct. 1138, 1146 (2013)). In order to establish standing, a litigant invoking the judicial power of the United States must demonstrate, *inter alia,* "an invasion of a legally protected interest." *Hedges*, 2013 WL 3717774, at *11 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Having failed to establish that they had any legal interest protected by the First Amendment, they failed to establish the existence of Article III standing. Moreover, having failed to establish the existence of the prerequisites to third party standing, their claim to assert the alleged rights of non-party subpoena recipients failed.

18, 19. In addition, Ms. Belanger filed objections to a motion to compel compliance with the Google subpoena in *Chevron Corp. v. Salazar*, 11-MC-80217 (CRB) (N.D. Cal.), docket item 23.

5.    This leaves reconsideration of "Tegel'"s position in light of his belated claim that he is a U.S. citizen and thus enjoys the protection of the First Amendment. The Court of course recognizes that the First Amendment affords protection for anonymous speech. For reasons set forth in the supplement to this order that is being filed under seal, that protection is not implicated with respect to "Tegel."

6.    "Tegel" is correct that the First Amendment protects private association. But that protection has limited application to this motion. In the first instance, disclosing the IP addresses associated with "Tegel'"s account would not chill "Tegel'"s association with Amazon Watch because Chevron already is well aware that "Tegel" actively associated himself with Amazon Watch and its founder, Steven Donziger. Furthermore, there are multiple emails currently on the public record that evidence "Tegel'"s collaboration with Amazon Watch.[2]

The right to private association is inapplicable also because the First Amendment does not shield fraud. Chevron has submitted multiple emails from "Tegel" discussing the organization of media efforts to portray the Ecuadorian litigation as legitimate and the Cabrera report as independent.[3] As Chevron explains in its briefing, there is substantial evidence that the litigation was tainted by fraud and, relatedly, that the Cabrera report was not independent. Whether and how the defendants in that action and co-conspirators engaged in a media campaign to pressure Chevron into settling the allegedly fraudulent litigation in Ecuador is quite relevant to Chevron's RICO claims. The IP address logs are pertinent to exploring this issue.

Not all of the subpoenaed information, however, is significant. Chevron appears to allege that "Tegel" was involved in the alleged fraud only from 2005 through 2008. Disclosure of the IP address logs for the periods before 2005 and after 2008 possibly could yield relevant information, but Chevron has offered no argument why it has any compelling need for those IP logs. Allowing disclosure of the IP address information for any period other than 2005 through 2008 could intrude upon certain protected activities in which "Tegel" may have engaged.

\*    \*    \*

Accordingly, the motion for reconsideration is granted to the extent that the Court reconsiders the order with respect to so much of the motion by which "Tegel" sought to quash the

---

[2]

DI 39-3, 4.

[3]

*See id.*

4

subpoena insofar as it sought information with respect to the email address simeontegel@hotmail.com and denied in all other respects.  On that limited reconsideration, the motion to quash is granted to the extent that Microsoft shall not disclose any of the subpoenaed information with respect to the email address simeontegel@hotmail.com other than for the years 2005 through 2008.  The motion to quash is denied in all other respects.[4]

SO ORDERED.

Dated:        July 29, 2013

Lewis A. Kaplan
United States District Judge

---

[4] The Court notes also that the three "John Does," including "Tegel," filed a notice of appeal on July 18, 2013, nine days after "Tegel" moved for reconsideration.  The pendency of a motion to alter or amend a judgment under Rule 59, among other post-judgment motions, renders a notice of appeal from the judgment premature until the motion is determined in the district court.  *See* FED. R. APP. P. 4(a)(4).  While "Tegel"'s motion cites only N.D.N.Y. Rule 7.1, the Court construes Appellate Rule 4(a)(4) to apply to such a motion as well.  In any case, the Court has the authority to decide the motion.

Opinion

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHEVRON CORPORATION,

                    Plaintiff,

       -against-                           1:12-MC-65 LAK/CFH

STEVEN DONZIGER, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **MEMORANDUM OPINION**

Appearances:

Randy M. Mastro
Howard S. Hogan
GIBSON, DUNN & CRUTCHER, LLP

Paul DerOhannesian, II
DEROHANNESIAN & DEROHANNESIAN

*Attorneys for Plaintiff Chevron Corporation*

John W. Keker
Jan Nielsen Little
Matthew M. Werdegar
KEKER & VAN NEST, LLP

Craig Smyser
Larry R. Veselka
SMYSER KAPLAN & VESELKA, L.L.P.

Justin W. Gray
MAYNARD, O'CONNOR, SMITH
& CATALINOTTO LLP

Marcia C. Hofmann
ELECTRONIC FRONTIER FOUNDATION

Julio C. Gomez
JULIO C, GOMEZ, ATTORNEY AT LAW LLC

Craig Smyser
Larry R. Veselka
Tyler G. Doyle
SMYSER KAPLAN & VESELKA, L.L.P.

*Attorneys for Defendants Steven Donziger, The
Law Offices of Steven Donziger, Donziger &
Associates, PLLC, Hugo Gerardo Camacho
Naranjo and Javier Piaguaje Payaguaje*

LEWIS A. KAPLAN, *District Judge.*[*]

      In 2011, an Ecuadorian court entered an $18.2 billion judgment (the "Judgment") against Chevron Corporation ("Chevron").[1]  At about the same time, Chevron brought this action against the Ecuadorian plaintiffs (referred to as the Lago Agrio plaintiffs or "LAPs") and others in the Southern District of New York (collectively, the "defendants").[2]  Chevron there alleges among other things that the Judgment is the product of fraud and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  The RICO and, to some extent, the fraud claims rest on allegations that Steven Donziger, a New York lawyer for the Ecuadorian plaintiffs, and others based in the United States here conceived, substantially executed, largely funded, and significantly directed a scheme to extort[3] and defraud Chevron by, among other things, (1) bringing the Lago Agrio case;[4] (2) fabricating (principally in the United States) evidence for use in that lawsuit and corrupting and intimidating the Ecuadorian judiciary in order to obtain a tainted judgment;[5] (3)

---

[*]     Honorable Lewis A. Kaplan, United States District Judge, Southern District of New York, sitting by designation.

[1]     11 Civ. 0691, DI 168 (Lago Agrio Judgment).

[2]     *Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK).

[3]     Amended complaint ("Cpt.") ¶ 1 (alleging that defendants "sought to extort, defraud, and otherwise tortiously injure plaintiff Chevron by means of a plan they conceived and substantially executed in the United States."); *id.* ¶ 2 ("The enterprise's ultimate aim is to create enough pressure on Chevron in the United States to extort it into paying to stop the campaign against it.").

[4]     *Id.* ¶ 3.

[5]     *E.g., id.* ¶ 145 ("Back in the United States, preparations were well underway for drafting Cabrera's report [the report of a supposedly independent, court-appointed expert]."); *id.* ¶

exerting pressure on Chevron to coerce it to pay money not only by means of the Lago Agrio litigation and judgment, but also by forcing it to defend against public attacks in the United States and elsewhere based on false and misleading statements;[6] (4) inducing U.S. public officials to investigate Chevron;[7] and (5) making false statements to U.S. courts and intimidating and tampering with witnesses in U.S. court proceedings to cover up their improper activities.[8]

In connection with the Southern District action, Chevron served a subpoena issued by this Court on Microsoft Corporation ("Microsoft"). The subpoena seeks information relating to thirty email addresses. The matter is before this Court on motions by three John Does, who claim to own three of the email addresses covered by the subpoena, and the defendants to quash the subpoena.

### Facts

The email addresses listed in the subpoena belong to non-parties who allegedly were involved directly or indirectly in the Ecuadorian litigation. The subpoena calls for the production of all documents related to (1) the identity of the users of the email addresses, including "all names, mailing addresses, phone numbers, billing information, date of account creation, account

---

[6] 151 ("While Stratus [LAP environmental consultant] was the primary coordinator of the . . . Cabrera Report, other members of the [LAP's] U.S.-based team of experts . . . also contributed to the report without attribution in the report or disclosure to Chevron."); *id.* ¶¶ 353–56; Mastro Decl. [DI 746] Ex. C (hereinafter "Guerra Decl.").

[6] Cpt. ¶ 214.

[7] *Id.* ("And they have taken this pressure campaign to U.S. state and federal agencies, seeking their falsely induced assistance in this racketeering scheme."); *id.* ¶ 216.

[8] *Id.* ¶¶ 273-77, 291-300, 311-16.

4

information and all other identifying information," and (2) the usage of the email addresses, including "IP logs, IP address information at the time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the email address."[9] The time period covered by the request is 2003 through September 2012.[10]

In simpler terms, Chevron is requesting that Microsoft produce documents identifying the account holders and their available personal information. Chevron seeks also the IP address associated with the creation of each account and the IP address connected with every subsequent login to each account over a nine-year period. The subpoena does *not* call for the contents of any emails sent or received by any of the thirty email addresses.

To understand the nature of the subpoenaed information, some background on Internet protocols is necessary. "An Internet Protocol address (or 'IP address') is a numeric value used to identify the network location of a computer or set of computers on the Internet. Every computer on the Internet needs to have an IP address in order to communicate with other computers on the internet."[11] "IP addresses are allocated to Internet Service Providers (ISPs) in blocks of consecutive addresses out of a worldwide pool . . . . ISPs can further delegate these addresses to smaller entities such as businesses, Internet cafes, or smaller ISPs. ISPs can also assign an IP

---

9

Marx Decl. [DI 38] Ex. 2.

10

*Id.*

11

Schoen Decl. [DI 2-3] at ¶ 3. The Does submitted with their motion a declaration of Seth Schoen, a Senior Staff Technologist with the Electronic Frontier Foundation in San Francisco, California.

5

address directly to an individual computer."[12]  "Individual users connect [to the Internet] using

different IP addresses depending on where they are."[13]  "An IP address may identify the network

through which a network-enabled device (such as a desktop computer, laptop computer, tablet, or

smartphone) is accessing the Internet.  When a portable device moves from an Internet connection

on one network (the network connection at one's home, for example) to an Internet connection on

another network (a local coffee shop), the IP address associated with the portable device changes

to reflect that the device is connected to that particular network."[14]

"Many host computers of websites, including popular web-based email services like

. . . Microsoft Hotmail, maintain logs that list the IP address of visitors along with the date and time

information.  Websites that utilize a log-in feature typically maintain a log of IP addresses and other

data associated with the particular user who logged in, such as the date and time of log-in and the

duration of time the user visited the website."[15]

Through online services, "[a] user can input a numerical IP address and obtain the

registry's information about the assignee of that IP address, which might be an ISP or other entity.

When IP addresses have been allocated directly to an organization that makes use of them [the

online services] can sometimes associate an IP address with an exact physical location. . . . On most

occasions, however, [the service] will only associate an IP address with an Internet service

---

[12]  *Id.* at ¶ 4.

[13]  *Id.* at ¶ 6.

[14]  *Id.* at ¶ 7.

[15]  *Id.* at ¶ 8.

6

provider's office, which is often in the same region as its subscribers or users but does not reveal

their exact locations."[16] These online services and other sources provide supplementary information

about the geographic location "where ISP's operate and where they use particular ranges of IP

addresses. . . . For instance, the IP address 199.83.220.233 is easily traceable to San Francisco . .

. ."[17] Where specific information about the physical location of an IP address is lacking, a litigant

who possesses a list of IP addresses "can subpoena subscriber information from the corresponding

ISP's for the specific IP addresses and develop a detailed picture of a person's location and

movements from that subscriber information."[18]

       To summarize, if Microsoft still has and were to produce the requested information,

Chevron would learn the IP address associated with every login for every account over a nine-year

period. Chevron could identify the countries, states, or even cities where the users logged into the

accounts, and perhaps, in some instances, could determine the actual building addresses.

       Chevron would not learn who logged into the accounts. That is to say that Chevron

would know who created (or purported to create) the email accounts but would not know if there

was a single user or multiple users for each account. Nevertheless, the subpoenaed information

might allow Chevron to infer the movements of the users over the relevant period (at a high level

of generality) and might permit Chevron to make inferences about some of the users' professional

and personal relationships.

---

[16]

    *Id.* at ¶ 11.

[17]

    *Id.* at ¶ 12.

[18]

    *Id.* at ¶ 13.

The Southern District defendants and the Does seek to prevent Chevron from gaining access to this information. Two of the Does submitted declarations explaining that they are the owners of the email accounts Simeontegel@hotmail.com and Pirancha@hotmail.com and that they were involved in certain press-related activities in connection with the Lago Agrio litigation and its associated environmental advocacy campaign in Ecuador.[19] They are proceeding as "Does" on the theory that this protects their anonymity.[20]

In reality, Chevron believes that it knows who owns the email addresses of the Does and many others. For example, in its opposition to the Does' motion to quash, it explains that "Simeontegel@hotmail.com is apparently an email account of Simeon Tegel, who was from 2005 to 2008 the Communications Director of Amazon Watch, an entity funded and directed by Steven Donziger to facilitate the LAPs' fraudulent scheme."[21] This description of Simeon Tegel is largely consistent with the declaration submitted by the owner of Simeontegel@hotmail.com.

It is relevant also that the Does have submitted no evidence that they are U.S. citizens or otherwise have a strong connection to this country.

---

[19]

DI 45, Exs. A, B.

[20]

The Does each submitted declarations in connection with the motion to quash. They signed these declarations with their email addresses. The Court ordered the Does to sign their declarations in their own name and to resubmit them under seal. The Court has not shared this information with Chevron and the Does continue to proceed anonymously.

[21]

DI 35 at 5.

8

*Parties' Arguments*

The Does have moved to quash the subpoena primarily on the grounds that disclosure of the subpoenaed information would violate their First Amendment rights to (1) anonymous speech and (2) association.[22] They argue also that they are entitled to represent the interests of the twenty-seven non-appearing email address owners.[23] The defendants have moved to quash, among other reasons, on privilege grounds.[24]

Chevron responds that production of the subpoenaed information would not violate any First Amendment rights,[25] that the Does lack standing to move to quash with respect to email accounts other than their own,[26] that the defendants in the Southern District action do not have standing to move to quash, and that the disclosure would not reveal privileged information.[27] Chevron claims also that this information will assist it in prosecuting its claims in the Southern District case.[28] For example, the locations of the logins may help Chevron determine what actions

---

[22]

DI 2-1.

[23]

DI 42 at 1–4.

[24]

DI 1 at 6–7.

[25]

DI 35 at 13–23.

[26]

*Id.* at 7–8.

[27]

DI 36 at 6–7, 14–15.

[28]

DI 35 at 10–11.

were taken in furtherance of the alleged conspiracy in the United States, which is relevant to counter the defendants' argument that Chevron is urging an improper extraterritorial application of RICO.[29]

## Discussion

### Does' Motion to Quash

The Does' First Amendment argument fails because they have not shown any entitlement to First Amendment protection. In any case, they lack standing to move to quash the subpoena on First Amendment grounds.

The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech, or . . . the right of the people peaceably to assemble." The Supreme Court has noted that a textual analysis of the Constitution "suggests that 'the people' protected by the [First Amendment], refers to a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community."[30] Indeed, as early as 1904, the Supreme Court held that the First Amendment's guarantees of freedom of speech and assembly do not apply to an excludable alien because "[h]e does not become one of the people to whom these things are secured by our Constitution by an attempt to enter, forbidden by law."[31] Much more recently, the D.C. Circuit relied on this principle in affirming a district court's determination "that the interests in free speech

---

[29]
    *Id.* at 11.

[30]
    *United States v. Verdugo-Urquidez*, 494 U.S. 259, 265 (1990) (analyzing the extraterritorial application of the Fourth Amendment).

[31]
    *United States ex rel. Turner v. Williams*, 194 U.S. 279, 292 (1904).

10

and freedom of association of foreign nationals acting outside the borders, jurisdiction, and control of the United States do not fall within the interests protected by the First Amendment."[32]

In the related context of the Establishment Clause of the First Amendment, the Second Circuit upheld a U.S. taxpayer challenge to government funding of foreign religious schools on the ground that the Establishment Clause prohibited taxation for religious purposes, no matter where the money was spent.[33] In so holding, however, the Circuit court noted that it could "think of no theory under which aliens would have standing to challenge either a grant [of government aid] or a denial of aid [under the Establishment Clause of the First Amendment]."[34]

In light of these principles, and in the absence of evidence that the Does are "people to whom these things are secured by our Constitution," they do not have standing to move to quash the subpoenas on First Amendment grounds either on their own behalf or on behalf of the non-appearing owners' whose account information has been subpoenaed.

The Does nevertheless argue that they have standing to assert the positions of the owners of the twenty-seven accounts other than their own on the theory that "practical obstacles prevent [them] from asserting [First Amendment] rights on behalf of" themselves.[35] But there is neither evidence nor reason to believe that the owners of the other twenty-seven accounts would face

---

[32]

*DKT Memorial Fund Ltd. v. Agency for Int'l Dev.*, 887 F.2d 275, 283–85 (D.C. Cir. 1989).

[33]

*Lamont v. Woods*, 948 F.2d 825, 839 (2d Cir. 1991).

[34]

*Id.* at 840.

[35]

DI 42 at 2 (quoting *Sec'y of Maryland v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984)).

11

any practical difficulties in protecting their own interests if they were so minded.  Indeed, owners of at least some of these accounts have opposed these subpoenas in the Southern District of New York and the Northern District of California.[36]

*Defendants' Motion to Quash*

A litigant's standing to object to nonparty witness subpoenas generally is limited to the assertion of claims of personal rights or privilege.[37]  The Southern District defendants do not profess to own any of the email addresses and thus assert no personal rights.  They do claim that disclosure of the account information and IP logs improperly would reveal privileged information related to the LAPs' legal strategy.[38]  This argument fails for two reasons.  First, the defendants have not identified any communications or material prepared in anticipation of litigation that would be revealed if Microsoft were to release the subpoenaed information.  Second, the defendants have not provided any competent evidence indicating that the email addresses belong to any of the LAPs' lawyers or the LAPs themselves.

\*    \*    \*

---

[36]

*See, e.g., Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK) (S.D.N.Y.), DI 591, 592, 588; *Chevron Corp. v. Salazar*, 11-mc-80217-CRB (N.D. Cal.), DI 23.

[37]

*Chevron Corp. v. Aguinda Salazar*, No. 11 Civ. 3718 (LAK), 2011 WL 2207555, at \*2 n.11 (Jun. 2, 2011) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975)).

[38]

DI 1 at 6–7.

12

The Court has considered the movants' remaining arguments and finds them to be without merit.[39]

### Conclusion

For the foregoing reasons, the motions to quash Chevron's subpoena to Microsoft [DI 1, 2] are denied.

SO ORDERED.

Dated:     June 25, 2013

Lewis A. Kaplan
United States District Judge

---

[39] The most forcefully argued of the movants' remaining arguments is that the subpoena is over-broad. The Court is not persuaded. Most of what Chevron could learn from the subpoenaed IP logs about the Does' movements would be only at a high level of generality. The subpoena requests account activity information only from the period of the alleged fraud. That the Does claim to have been involved in that alleged fraud for limited periods of time does not mean that Chevron is not entitled to subpoena information that may prove otherwise and be relevant to its case.